PIERCE, Acting Chief Judge.
Appellant Jack B. Nichols, plaintiff below, appeals to this Court from a summary judgment in favor of appellee Tullie J. Stokes, defendant below, and denying plaintiff Nichols’ motion for summary judgment.
Nichols filed his complaint in the Polk County Circuit Court seeking a judgment on a promissory note executed by Stokes as maker, payable to the Bank of Lake Alfred, and later assigned by the bank to Nichols for value prior to maturity. At the time of execution, the note was guaranteed in writing by one Marion G. Den-ton, as a partner in Marden Manufacturing Company.
Stokes was served with process but was not represented by counsel in the suit. Instead, he wrote a letter to the Circuit Court, which letter was filed and accepted by the Court as his answer to the complaint. In the letter-answer Stokes stated that in 1967 Denton asked him to take a position of Marketing Manager with his company and they agreed upon a salary of $150.00 per week to start; that Denton “did not want anyone else in the company to know how much money” he was paying Stokes so he only paid him “$75.00 from the company and said he wanted to find another way to pay the balance of $75.00 per week”; that about ten weeks thereafter Stokes requested the balance due him; that after several days argument Denton “went to the Bank of Lake Alfred and concocted this scheme”, which was that Stokes was paid $750.00 by the bank and signed a note payable to the bank in said amount plus one year’s interest; and that he had a “clear understanding” with the Executive Vice President of the bank, Mr. Lawrence L. Johnson, that he, Stokes, would “in no way * * * be responsible to pay the money back”. Said note on its face bore the language “Guarantee: Marion G. Denton”. On the back of the note was the statement, addressed to the bank: “I completely guarantee the payment of both principal and related charges on this note to Mr. Stokes”, signed “Marion' G. Denton, Partner Marden Manufacturing Company”. The letter-answer also set forth that when Stokes left Denton’s business “I went by and had a long talk with Mr. Johnson and he informed me that Mr. Denton had already spoken to him about the note and would retire the note soon and that there would be no problem”.
The note was not paid but several months later the bank assigned it to Nichols, who thereafter brought this suit against Stokes alone. Nichols, through counsel, filed motion for summary judgment. Upon hearing, the trial Judge entered summary judgment in favor of Stokes, as follows:
“The defendant’s letter to the undersigned and dated August 16, 1968, has been filed and accepted by the Court as the defendant’s answer in this suit.
From the pleadings, affidavits and arguments before the Court, it appears that *46 there is no genuine issue as to the facts set forth in the defendant’s letter. Thus the loan represented by Note #5322 in the amount of $830.51 and payable to the Bank of Lake Alfred was in truth and in fact a loan to Marion G. Denton and not a loan to the defendant, Tully J. Stokes.
FURTHER, the plaintiff, Jack B. Nichols, does not claim he was a ‘holder in due course’ but agrees he was aware of the facts alleged in defendant’s answer at the time he acquired the note sued on.
From the pleadings, affidavits, and the motion on behalf of the plaintiff, the Court determines that the defendant, and not the plaintiff is entitled to a summary judgment. It would be a travesty of justice to enter a judgment against the defendant under the undisputed facts in this case. It is, therefore,
FURTHER ORDERED AND ADJUDGED that plaintiff’s motion for summary judgment is denied and a summary judgment be and it is hereby entered for the defendant and the plaintiff take nothing herein and that the defendant be dismissed without day and with his costs.”
It will be observed that in the summary judgment the Court made certain recitals amounting to findings of fact, namely, that the loan was actually a loan to Denton and not to Stokes, and that plaintiff Nichols did not “claim he was a ‘holder in due course’” but on the contrary agreed that “he was aware of the facts alleged in defendant’s answer at the time he acquired the note sued on”.
Apparently no record was made of the proceedings before the Judge at the time summary judgment was entered, so therefore the findings made by the Judge, “from the pleadings, affidavits and arguments before the Court” must, as a matter of law, be deemed conclusive upon the parties.
In such state of the case, Nichols, as appellant here, has failed to establish that the findings made by the trial Judge were without factual basis, and in fact he was wholly unable so to do in the absence of a record contradicting such findings. From such findings it follows that the Court was eminently correct in entering summary judgment against Nichols and in favor of Stokes because there remained “no genuine issue” of fact between them.
The summary judgment appealed is therefore—
Affirmed.
MANN and McNULTY, JJ., concur.